IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | 1:17cr82 (JCC) |
| | ) | |
| ALVIN SERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>M E M O R A N D U M   O P I N I O N</u>

This matter is before the Court on Defendant Alvin Serry's Motion to Set Bond. [Dkt. 87.] For the reasons stated below, the Court will deny Defendant's Motion.

### I. Background

Defendant Alvin Serry ("Defendant" or "Serry") has been charged with conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. § 1349, and conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b), among other crimes. Serry, along with his co-conspirators, allegedly stole credit card payment information, known as "Track 2" data, and encoded it onto gift cards, which were then used to make fraudulent purchases in the Eastern District of Virginia and elsewhere.

On July 14, 2017, Defendant filed the instant motion to

set bond. [Dkt. 87.] The Government responded on July 17, 2017. [Dkt. 88.] Defendant did not file a reply. Oral argument was held on July 18, 2017. This Motion is now ripe for disposition.

## II. Standard of Review

Under the Bail Reform Act, a magistrate or other judicial officer is required to release a person charged with an offense on personal recognizance, or upon execution of an unsecured bond, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). The Court must consider four factors when weighing whether to release a defendant, including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 1342(g). The Government "must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." *United States v. Maniscan*, 2015 WL 7455541, at *1 (E.D. Va. Nov. 23, 2015).

## III. Analysis

Defendant asserts that he is entitled to pre-trial release because he is a lifelong resident of the Washington, D.C.,

metropolitan area and his mother, Jeraldine Serry, can serve as his third-party custodian. [Dkt. 88, ¶¶ 2, 4.] He notes that his mother is gainfully employed with no criminal record and a stable home. [*Id.*, ¶ 4.]

The Government argues that Defendant's request for bond presents a "serious risk of flight." Gov't Opp. [Dkt. 88] at 1. In support of this assertion, the Government contends that Defendant evaded arrest on the instant charges for over five months. *Id.* The FBI could not locate him by searching his mother's home or speaking to his relatives and neighbors. *Id.* at 2. When he was finally stopped by Prince George's County police on June 28, 2017, he gave them a false name ("Deron James Emerson") and a false date of birth, presumably to avoid the officers discovering that there was a warrant out for his arrest.[1] *Id.* at 1. In addition, this is not the first time that Defendant has given false information to escape possible criminal liability. In fact, the Government outlines at least three other instances in which he gave a false name ("Alvin Jerry") to police. *Id.* The Government also contends that Defendant lacks stable housing and employment. *Id.* at 3-4. Finally, at oral argument, the Government pointed out that there is strong evidence against Defendant. Taken together, the Government argues that there is no combination of conditions that could ensure Defendant's

---

1 During a subsequent interview, Defendant admitted to the FBI that he knew about the arrest warrant. *Id.* at 3.

attendance at future court proceedings.  This Court agrees.

All of the § 1342(g) factors weigh against releasing Defendant in the instant case.  Defendant stands accused of conspiring to commit wire, bank, and access device fraud, among other crimes, by stealing credit card information.  Although the instant offense is a financial crime, and not a crime of violence, it has nevertheless resulted in significant losses to victims.  Substantial evidence also points to Defendant's possible guilt, as demonstrated by his each of his three co-conspirators' pleading guilty.  Furthermore, Defendant's recent history points to a troubling pattern of attempting to evade the law.  He has provided fake names to police on at least four occasions and previously failed to appear for a state court date under one of those fake names.  His criminal history includes charges involving drugs, giving false information to law enforcement, driving while impaired, credit card theft, guns, assault, and traffic offenses.  Furthermore, Defendant has given conflicting information about his current housing situation, is unemployed, and recently told the FBI that he is selling marijuana to fund his legal expenses.[2]  Given these facts, the Court finds that Defendant's appearance cannot reasonably be assured; his pre-trial release presents a significant risk of flight.

---

2 At oral argument, Defendant denied making this statement.

## IV. Conclusion

For the foregoing reasons, Defendant's to Set Bond will be denied. An appropriate order shall issue.

July 18, 2017
Alexandria, Virginia

/s/
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE